# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CARLOS MORRISON,<br>an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-CV-066-CVE-PJC |
| 1. GUNNEBO-JOHNSON CORPORATION,<br>a domestic corporation, | ) ) ) ) | JURY TRIAL DEMANDED<br>ATTORNEY'S LIEN CLAIMED<br>FOR THE FIRM |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Carlos Morrison, ("Plaintiff"), through undersigned counsel, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.*, and hereby submits the following Complaint against Gunnebo-Johnson Corporation, ("Defendant"), and states and alleges as follows:

This action seeks declaratory relief, actual damages, and costs and attorney fees, for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(c)(1) and § 1140 ("ERISA"), and Oklahoma law, committed by the Defendant.

## JURISDICTION & VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(c)(1) and the law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this

1

action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

6. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma residing in Tulsa, Tulsa County, Oklahoma.

7. Defendant is, and was at all times relevant to this cause of action, a corporation doing business in, and with significant contacts to, the State of Oklahoma and maintain offices in Tulsa, Tulsa County, Oklahoma.

8. The acts and/or omissions giving rise to this cause of action occurred in Tulsa County, State of Oklahoma.

## **PARTIES**

9. Defendant is an "employer" and Plaintiff is an "employee" as those terms are defined by ERISA. 29 U.S.C. § 1002(5), (6).

10. Plaintiff is a "Participant" in an "Employee Welfare Benefit Plan" as those terms are defined by ERISA. 29 U.S.C. § 1002(1), (7).

11. Plaintiff, as well as his wife, were "Beneficiaries" of an "Employee Welfare Benefit Plan" as that term is defined by ERISA. 29 U.S.C. § 1002(8).

12. Defendant is the "party in interest" as to all issues related to the employee benefit plan at issue herein. 29 U.S.C. § 1002(14).

13. Defendant is a "person" subject to ERISA's prohibition against interference with ERISA benefits, as that term is defined by ERISA. 29 U.S.C. § 1002(9).

14. Defendant is both the "Administrator" and "Plan Sponsor" of the "Employee Welfare Benefit Plan" at issue herein, as those terms are defined by ERISA. 29 U.S.C. §1002(16)(A), (B).

15. Defendant is an "Employer," and Plaintiff is an "Employee," as those terms are described in Oklahoma's Workers' Compensation Act.

## OPERATIVE FACTS

16. On September 19, 2011, the Defendant hired Plaintiff.

17. On or about January 1, 2012, the Plaintiff became a "Participant" of Defendant's "Employee Welfare Benefit Plan." At, or subsequent to, that time, Plaintiff's wife became a "Beneficiary" of Defendant's "Employee Welfare Benefit Plan."

18. On February 15, 2012, the Plaintiff injured his hand while working and began receiving workers' compensation benefits under Oklahoma law.

19. On February 24, 2012, the Plaintiff underwent in-patient surgery on his injured hand.

20. On February 29, 2012, the Plaintiff was released from the hospital and his wife, Janet Morrison, had a mole examined.

21. On March 7, 2012, the Plaintiff's physician cleared him to return to work, with restrictions, but the Plaintiff was informed no work was available and, thus, he remained on temporary total disability.

22. On March 15, 2012, Janet Morrison was diagnosed with Malignant Melanoma, Defendant received notice of the diagnosis and was required to reimburse their insurance carrier, Blue Cross Blue Shield for, Janet Morrison's treatment.

23. On March 19, 2012, the Plaintiff attempted to return to work, with restrictions, but was again informed no work was available.

24. On April 12, 2012, the Plaintiff attempted to return to work, with restrictions, but was again informed no work was available.

25. On April 18, 2012, Janet Morrison's dermatologist performed a rash biopsy and sent her to an oncologist.

26. On April 25, 2012, the Plaintiff's work restrictions were lifted and Defendant permitted him to return to work.

27. On May 9, 2012, Plaintiff received a favorable six-month work review and a raise.

28. On May 18, 2012, Janet Morrison underwent biopsy surgery and had a mole removed from

her thigh. The surgery revealed that her cancer had metastasized to her lymph nodes.

29. On May 24, 2012, Janet Morrison was diagnosed with Stage III Malignant Melanoma that required radiation therapy, followed by Inferon treatment. Defendant was again notified of Janet Morrison's diagnosis through their insurance company.

30. On May 25, 2012, the Plaintiff went for his one-month post-surgical check-up and was cleared to return to work. On May 29, 2012, Plaintiff received a verbal warning for substandard work.

31. On June 4, 2012, Defendant enacted a new policy about glove use while in the work area. On that same day, Janet Morrison underwent a PET scan regarding her cancer.

32. On June 6, 2012, Plaintiff was sent home for violating the new gloves regulation, without receiving a written warning.

33. On June 7, 2012, Plaintiff returned to work and was given three back-dated written warnings; two from June 5, 2012 for previously violating the gloves regulation and for substandard work, and one from June 6, 2012 for the gloves regulation that resulted in him being sent home.

34. On June 8, 2012, Janet Morrison had a follow-up surgical visit, and was informed she required urgent surgery to remove her gallbladder before she could begin radiation therapy treatment for her cancer.

35. On June 20, 2012, Janet Morrison underwent gallbladder removal surgery and her gallbladder and a stone were removed.

36. On June 21, 2012, Plaintiff received a warning involving a forklift, and was terminated.

## FIRST CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF 85 O.S. § 341)

37. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

38. Plaintiff was injured on the job in the course of his employment with Defendant and sought benefits under the Oklahoma Workers' Compensation Act.

4

39. At all times relevant to the filing of this cause of action, the Oklahoma Workers' Compensation Act prohibited an employer from discharging an employee because he suffered a work-related injury, instituted a proceeding, retained an attorney for representation or filed his claim under the Workers' Compensation Act.

40. Defendant terminated Plaintiff because of one or more of these considerations.

41. The aforementioned termination was in direct violation of the Oklahoma Workers' Compensation Act.

42. As a direct and proximate result of Defendant's willful violation of the Oklahoma Workers' Compensation Act, Plaintiff has suffered, and continues to suffer, loss of income in an amount in excess of $10,000.00, emotional distress and other compensatory losses.

43. Plaintiff is also entitled to punitive damages in an amount in excess of $10,000.00; and to reinstatement to a comparable position with Defendant, or to front pay, if there is evidence of continuing hostility.

44. As a result of the aforementioned acts, Defendant thereby injured Plaintiff, depriving him of his rights and privileges of employment, in violation of 85 O.S. § 341.

### SECOND CLAIM FOR RELIEF
### (INTERFERENCE/RETALIATION IN VIOLATION OF ERISA)

45. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

46. The plaintiff's welfare benefit plan was established and maintained by Defendant.

47. The welfare benefit plan established and maintained by Defendant was a "self-pay" plan and required Defendant to reimburse Blue Cross Blue Shield for claims.

48. At all times relevant to this cause of action, the welfare benefit plan, provided by Defendant, was non-exempt, and therefore regulated under 29 U.S.C. §§ 1132, 1140.

49. At all times relevant to this cause of action, Plaintiff was a participant employee eligible for benefits pursuant to 29 U.S.C. §§ 1132, 1140.

50. At all times relevant to this cause of action, the Plaintiff and his beneficiaries were eligible

for and did receive benefits under the Defendant's welfare benefits plan.

51. At all times relevant to this cause of action, Janet Morrison was Plaintiff's beneficiary, and therefore eligible for benefits pursuant to 29 U.S.C. §§ 1132, 1140.

52. Defendant had notice of Janet Morrison's claims because they were responsible for paying for each procedure.

53. Prior to Janet Morrison's claims, the quality of Plaintiff's work was considered satisfactory or above satisfactory.

54. Within a month of Janet Morrison's diagnosis of Stage III Malignant Melanoma, Plaintiff received six write-ups and was ultimately terminated.

55. Plaintiff's termination was motivated, in part, by retaliation for Janet Morrison's claims under the welfare benefits plan.

56. Janet Morrison was entitled to benefits from Defendant's welfare benefits plan at the time of Plaintiff's retaliatory termination.

57. Plaintiff's termination was in violation of 29 U.S.C. §§ 1132, 1140.

58. As a result of the aforementioned violation, Defendant thereby injured Plaintiff, depriving him of his rights and privileges of employment, for filing a claim under the welfare benefits plan.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for lost wages, lost benefits, reinstatement, or front pay in lieu thereof; for an award of compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, under the Oklahoma Workers' Compensation Act in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,
ARMSTRONG & VAUGHT, P.L.C.


By:    */s/ Charles C. Vaught*
      Charles C. Vaught, OBA #19962
      2727 E. 21st Street, Suite 505
      Tulsa, Oklahoma 74114
      (918) 582-2500 - Phone
      (918) 583-1755 - Fax
      ***Attorney for Plaintiff***